

United States Courts
Southern District of Texas
FILED
NOV 17 2023
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TIMOTHY AGUILAR                                   Case No.4:23-cv-03359
Plaintiff

v.

LIFEBRIDGE SERVICING LLC
d/b/a CLARITY DEBT SOLUTIONS LLC
DAVID LUGO                                        JURY TRIAL DEMAND
Defendants

### PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff **Timothy Aguilar** ("Plaintiff and or Aguilar") in pro se, alleges the following

against **LifeBridge Servicing LLC** (hereinafter LifeBridge) d/b/a Clarity Debt Solutions

LLC (hereinafter CDS) and **David Lugo** (hereinafter Lugo) and unknown third-party

telemarketing vendors and or lead generation entities directed by Defendants:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47

   U.S.C. §227 *et seq.*   Defendant LifeBridge d/b/a CDS is a deceptive financial and

   marketing company that offers consumer loans via email solicitations and then by text

   messages, but in reality, these fraudulent entities are a debt consolidation company that

   offers no loans, further, LifeBridge d/b/a CDS in a deceptive and fraudulent course of

   conducting business under a false entity name, i.e., Franklin Funding LLC and or 1st

   Franklin Funding to entice consumers to take a bite at the apple.

2. To promote its services and solicit new clients, Defendant Lugo and Lifebridge d/b/a CDS

   employees engages in fraudulent and deceptive telemarketing schemes and or fraudulent



campaigns utilizing some form of autodialer to send unsolicited, harassing, intrusive and text messages to individuals without the proper consent. Defendant, even after being notified via email to their false and covert email (underwriting@1stfranklinfunding2.com) to stop sending communications, continued in their barrage of unsolicited calls and or text messages resulting in invasion and or intrusion of privacy, harassment, aggravation and disruption of plaintiff's daily life activities during Plaintiff's work week.

3. Plaintiff is one of the millions of consumers who have registered his number on the national registry. Nevertheless, Plaintiff has received numerous deceptive telemarketing text messages from Defendant LifeBridge d/b/a CDS.

4. Despite Plaintiff requesting Defendant to cease sending any and all communications to him, Defendant continues to send these unwanted intrusive text messages to Plaintiff which are unsolicited, harassing, aggravating, causing anxiety, and without the proper consent.

5. At the time of these illegal text messages, LifeBridge d/b/a CDS and Lugo knew they were making or initiating unsolicited text messages that flagrantly violated the TCPA to sell and or solicit Plaintiff with products and or services he did not want and or did not request, or to gather his personal information.

6. Plaintiff brings this action pursuant to 47 U.S.C. § 227(c)(5) and seeks statutory damages of $500.00 - $1500.00 per illegal text message.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012)

(confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

**8**. This Court has personal jurisdiction over Defendant conducts business in the State of Texas.

**9**. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

**10**. Plaintiff is a natural person residing in Pasadena, Texas, 77503. At all times herein, Plaintiff has been the exclusive user of telephone number 832-XXX-7311.

**11**. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

**12**. Defendant LifeBridge Servicing LLC d/b/a Clarity Debt Solutions LLC is a business entity with principal place of business, head office, or otherwise valid mailing address at: Pompano Building - 999 Broadway Suite 101, Saugus, MA 01906.

**13**. Defendant David Lugo is the Manager of LifeBridge Servicing LLC according to the Commonwealth of Massachusetts Secretary of State database. Upon information and belief, Defendant Lugo can be served at 863 Broadway, Apt 418, Saugus, MD 01906 or his business address: 999 Broadway, Suite 101, Saugus, MA 01906. Plaintiff sues Defendant Lugo individually for personal liability.

**14**. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

**15**. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, vendors, and insurers of Defendant.

### A. THE TCPA RESTRICTIONS ON CALLS USING ARTIFICIAL OR PRERECORDED VOICES INCLUDE TEXT MESSAGES

**16**. The TCPA also regulates the use of telephone equipment and prohibits calls that feature prerecorded messages or artificial voices to any residential or cellular telephone without the prior express consent of the recipient, which in this instance, is the Plaintiff herein.

**17.** Specifically, the plain language of sections 227(b)(1)(A)(iii) and 227(b)(1)(B) prohibit using an artificial or prerecorded voice to make any call to a wireless or residential telephone number without the prior express written consent of the called party unless the call is made solely to collect debt owed or guaranteed by the United States or is initiated for emergency purposes.

**18.** The FCC confirmed that the TCPA applies to text messages: "We affirm that under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number . . . This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service"[1]

**19.** The FCC has defined prior express written consent in 47 C.F.R. § 64.1200(f)(9) as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

**20.** Under the TCPA standard, the burden is on the Defendant named herein to demonstrate that Plaintiff gave his prior express consent to receive a call featuring prerecorded message and artificial voices to their cellular or residential telephones, including any text messages.

**B.  Defendant Lugo Knowingly Allows LifeBridge d/b/a Clarity Debt Solutions to make and or send telephonic and or telemarketing sales calls or texts that Violate the TCPA.**

**21.** Defendant Lugo is fully aware that LifeBridge d/b/a Clarity Debt Solutions is committing and orchestrating deceit, fraud and practicing deceptive business acts.

**22.** On information and belief, Defendant Lugo instructs LifeBridge d/b/a Clarity Debt Solutions employees to place unsolicited robocalls in violation of the TCPA.

**23.** Upon information and belief, LifeBridge d/b/a CDS carries out its fraudulent and deceptive scheme under another entity being CDS, which subsequently on June 30, 2021 was involuntarily dissolved by a Court order. See Exhibit 1.  However, CDS still seems to function daily and exists to carry out its deceptive and fraudulent scheme in its normal course of corporate activities.  The listed pictures herein are true and correct copies of

---

[1] Report & Order, *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, at ¶ 165 (F.C.C. July 3, 2003) (footnotes omitted). The FCC reiterated this conclusion in 2012—*In re* Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, at ¶ 4 (F.C.C. Feb. 15, 2012)—and in 2015. *See* In re *Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, at ¶¶ 27, 107–108, 111–115 (F.C.C. July 10, 2015), appeal resolved, *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687 (D.C. Cir. 2018) (setting aside two parts of 2015 ruling but leaving this portion undisturbed

originals that Plaintiff's Process server, Cynthia Paris, with Boston Process Server, LLC took on November 8, 2023, when she attempted to serve LifeBridge and Lugo with Service of Process and discovered that Lugo has another entity listed at the service address for LifeBridge.



24. Upon information and belief, Lugo has elaborately impersonated 1st Franklin Funding and Franklin Funding.  Lugo has manipulated the form that when a Google search is conducted on the internet, the search reveals a legitimate and credible company, being the real 1st Franklin Financial.  Lugo feeds of this public deception so that consumers, like Plaintiff will take the bait and run into signing a loan but in all actuality, there is no typical consumer loan but rather a high interest debt consolidation loan. Before any loan documents are sent to the consumer,  Plaintiff's banking information was required first.

## FACTUAL ALLEGATIONS

25.  In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

26.  Consumers and or individuals like plaintiff who do not want to receive telemarketing calls may indicate their preference by registering their telephone numbers on the national Do-Not-Call registry pursuant to 47 C.F.R. § 64.1200(c)(2):

27. No person or entity shall initiate any telephone solicitation to … [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the

registration is cancelled by the consumer or the telephone number is removed by the database administrator.

**28.** Federal regulations implementing the TCPA provide that "[t]he rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.'" 47 C.F.R. § 64.1200(e).

**29.** These registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. 47 C.F.R. § 64.1200(c)(2).

**30.** The FCC's regulations implementing the TCPA also require persons or other entities that make telemarketing calls to maintain company-specific do-not-call lists and to honor do-not-call requests. 47 C.F.R. § 64.1200(d). Company-specific do-not-call requests must be honored for five years from the time the request is made. 47 C.F.R. § 64.1200(d)(6). Sellers must coordinate the do-not-call requests received by their telemarketers, so that all telemarketing calls on behalf of the seller cease if a consumer makes a do-not-call request to one of the seller's telemarketers.

**31.** Plaintiff has a personal cellular telephone number ending in 7311.

**32.** Plaintiff utilizes this phone number ending in 7311 as a personal cellular telephone and utilizes such cell number as his home number also.

**33.** Defendants & unknown telemarketing 3rd party resellers and or telemarketing agents directed by Defendants Lugo and LifeBridge d/b/a CDS have placed a "multitude" of unsolicited, intrusive & harassing text messages to Plaintiff's personal cellular phone for solicitation and or telemarketing purposes. Moreover, LifeBridge and or CDS agents and or employees attempt to deceive Plaintiff by sending emails that purport to offer a consumer loan, but in reality, they trick the recipient into signing up for a debt consolidation product with astronomical fees. Moreover, LifeBridge d/b/a CDS, upon information and belief, under the direction of Lugo, carry out their deceptive and fraudulent scheme with the assistance of Leshawn Snow.

**34.** LifeBridge, d/b/a CDS, under the covert disguise of Franklin Funding & 1st Franklin Funding, also sent annoying and intrusive email messages to Plaintiff weekly, 2 x daily at times during the week. On April 8, 2022, Aguilar replied back to Franklin (as the name is clearly depicted on this Exhibit A herein but false) to quit sending any and all communications at once. *See Exhibit A.*

**35.** On April 20, 2022, Aguilar again responded back to Defendant's daily intrusive and harassing emails and stated to "quit" sending ....texts also. *See Exhibit A.1.* Defendant's text messages stopped.

**36**. Despite Aguilar's use of clear opt out language in his response to the name of (LifeBridge) Franklin's email, the fake entity Franklin ignored Plaintiff's opt-out demand and started their relentless and aggressive campaign of intrusive and unsolicited text messages to Plaintiff on May 3, 2023.

**37**. Plaintiff did not request any type of information from LifeBridge d/b/a CDS or Lugo or any third parties directed by Defendants about financial services or products. Defendant did not have any type of consent to start re-contacting Plaintiff on a consistent basis starting around May of 2023 and continuing into the present date with nearly fifty (50) or more unwanted robo-call and or text messages to Plaintiff's cellular phone.

**38**. Plaintiff was *not interested* in purchasing any type of financial products and or services and did not seek information regarding LifeBridge or Lugo's services at any time.

**39**. Defendant's robo-text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action and have continued as of date.

**40**. Defendant's robo-text messages & and or calls constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e. selling this Plaintiff financial services and or a product.

**41**. Defendant's calls were not made for "emergency purposes."

**42**. The information contained in the Defendant's text messages require the Plaintiff to go and check his email (chain of event) to review the Defendant's (see *Exhibits* D-Z) financial loan services and the catch phrase of "approval" to entice further review of such intrusive electronic communication. This is how Defendant promotes its business. But in reality, it's a debt consolidation relief company and their advertisement as to offering loans is false and deceptive and is clearly evident on phone recordings with LifeBridge's employee Leshawn Snow.

**43**. Plaintiff received the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant Lugo holds himself out as the Manager and Registered agent of LifeBridge Servicing LLC. Lugo has formulated, directed, controlled, has the authority to control, or participated in the acts or practices of LifeBridge as set forth in this Complaint.

**44**. Defendant's illegal and intrusive texts (submitted herein) were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B)

**45**. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

**46**. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

**47**. At no point in time did Plaintiff provide Defendant LifeBridge or Lugo with his express written consent to be contacted twice or more daily during Plaintiff's work week.

**48**. Plaintiff is the subscriber and sole user of the 7311 Number and is financially responsible for phone service to the 7311 Number.

**49**. Plaintiff's 7311 Number has been registered with the national do-not-call registry since September 29, 2011 and at all times relevant to this action. ***See Exhibit B.***

**50**. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**51**. The text messages originated from telephone numbers 833-861-0932, 833-215-3612 & 844-497-4902, 781-715-1524 numbers which upon information and belief is owned and operated by Defendant or on behalf of Defendant by a telemarketing vendor, whose identity is only known exclusively by Defendant Lugo but will be revealed further upon discovery in this action.

**52**. Defendant's unsolicited robo-text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion during Aguilar's work week. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life in pertinent part:

- May 3, 2023 ………… intrusive text message from Defendant. ***Exhibit D***
- May 4 , 2023 ………… intrusive text message from Defendant. ***Exhibit E***
- May 5, 2023 ………… intrusive text message from Defendant. ***Exhibit F***
- May 8, 2023 ……….. intrusive text message from Defendant. ***Exhibit G***
- May 9, 2023 ………… intrusive text message from Defendant. ***Exhibit H***
- May 10, 2023 ………… intrusive text message from Defendant. ***Exhibit I***
- May 11 2023 ………… intrusive text message from Defendant. ***Exhibit J***
- May 12,2023 ………… intrusive text message from Defendant. ***Exhibit K***
- May 15 2023 ……….. intrusive text message from Defendant. ***Exhibit L***
- May 16 2023 ……….. intrusive text message from Defendant. ***Exhibit M***
- May 17, 2023 ……….. intrusive text message from Defendant. ***Exhibit N***
- May 18, 2023 ………… intrusive text message from Defendant. ***Exhibit O***
- May 19, 2023 ………… intrusive text message from Defendant. ***Exhibit P***
- May 22, 2023 ……… intrusive text message from Defendant. ***Exhibit Q***
- May 23, 2023 ………. intrusive  text message from Defendant. ***Exhibit R***

- May 23, 2023 ...........     intrusive text message from Defendant.     **_Exhibit S_**
- May 25, 2023 ...........     intrusive text message from Defendant.     **_Exhibit T_**
- May 26, 2023 ...........     intrusive text message from Defendant.     **_Exhibit U_**
- May 30, 2023 .........     intrusive text message from Defendant.     **_Exhibit V_**
- May 31, 2023 .......     intrusive text message from Defendant.     **_Exhibit W_**
- June 2, 2023 ........     intrusive text message from Defendant.     **_Exhibit X_**
- June 7, 2023 .......     intrusive text message from Defendant.     **_Exhibit Y_**
- June 8, 2023 ......     intrusive text message from Defendant.     **_Exhibit Z_**
- Oct 25, 2023 .......     intrusive text message from Defendant     **_Exhibit Z.1_**
- Oct 25, 2023 ........     intrusive text message from Defendant     **_Exhibit Z.2_**

**53**. It should be noted that Plaintiff started his investigation into whether the correct party had been sued based on the real 1st Franklin pleadings. Plaintiff started to initiate contact with LifeBridge staff members and recording conversations. Plaintiff had to provide his personal information to LifeBridge staff member Leshawn Snow to further the ruse along and to get verifiable information on who the real TCPA violator was. On October 23, 2023, the true TCPA violator was unmasked and revealed, being LifeBridge Servicing LLC. See Exhibit C.

## COUNT I
## DEFENDANTS HAVE VIOLATED THE TCPA 47 U.S.C. § 227

**54**. Plaintiff incorporates the forgoing paragraphs 1-53 as though the same were set forth at length herein.

**55**. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**56**. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

**57**. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

**58**. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)

**59.** Defendant's calls were not made for "emergency purposes."

**60.** Defendant's text messages to Plaintiff's cellular telephone without any prior express consent.

**61.** Defendants have violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**62.** Defendants have violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call and or robo-text message(s) in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

**63.** The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

**64.** To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages.

## COUNT II
## DEFENDANTS HAVE VIOLATED THE TCPA 47 U.S.C. § 227(C)

**65.** Plaintiff incorporates the forgoing paragraphs 1-53 as though the same were set forth at length herein.

**66.** The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

**67.** Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2011.

**68.** Defendant called and or texted Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

**69.** Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive

telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6)

**70**. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

**71**. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

(e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991

47 C.F.R. § 64.1200(e).

**72**. Plaintiff made requests to Defendant not to receive any more text messages and/or communications.

**73**. Defendant failed to honor Plaintiff's requests on two separate occasions.

**74**. Because Plaintiff received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

**75.** As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

**76.** As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

**77.** Plaintiff also suffered damages in the form of invasion of privacy.

<div align="center">

**COUNT III**
**DEFENDANTS VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERICAL CODE**

</div>

**78.** Plaintiff incorporates the forgoing paragraphs 1-53 as though the same were set forth at length herein.

**79.** §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

**80.** Defendants violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

**81.** §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the *party* bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs during discovery, deposition expenses, witness fees that will be required and needed upon the trial before a jury.

<div align="center">

**COUNT IV**
**DEFENDANTS LIFEBRIDGE SERVICING LLC d/b/a CLARITY DEBT**
**SOLUTIONS AND LUGO HAVE CAUSED INTENTIONAL INFLICTION OF**
**MENTAL ANGUISH AND/OR EMOTIONAL DISTRESS UPON PLAINTIFF**
**WITH A CALLOUS DISREGARD**

</div>

**82.** Plaintiff incorporates the foregoing paragraphs 1- 53 as though the same were set forth at length herein below.

**83.** Defendant's Lugo and LifeBridge's d/b/a Clarity Debt Solutions LLC's unlawful conduct as previously described in this amended complaint was systemically known to

these TCPA violators that such egregious conduct would provide and did produce damages in anxiety, mental anguish and or emotional distress to this individual plaintiff herein on a daily basis. As a direct and proximate result of these Defendant TCPA abusers, such callous conduct has caused Plaintiff to suffer emotional distress and emotional damage that the jury in this case should determine. Defendant's callous disregard and egregious conduct as precisely described herein has been outrageous, wholly without legal or factual justification, such conduct was carried out in a malicious and wanton scheme to further their profits at a corporate level, thus, Plaintiff should be allowed to recover punitive damages herein from each named Defendant.

**Wherefore**, Plaintiff, **Timothy Plaintiff,** respectfully prays for judgment as follows:

a.  All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code

b.  Statutory damages of $500.00 per violative telephone call and or text (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call or text (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call and or text (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call or text (as provided under 47 U.S.C. § 227(C);

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

g. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

h. All reasonable witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

i. Any other relief this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Timothy Aguilar,** demands a jury trial in this case

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant LifeBridge d/b/a Clarity Debt Solutions and Lugo take affirmative steps to preserve all call records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases including Workforce Management software, CCaaS, IVR, Oracle, Speech Analytic, Five9, Genesys, Talkdesk or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged text messages and or communications to Plaintiff named herein.

Respectfully submitted,

Timothy Aguilar, Pro Se
2807 Randolph Road
Pasadena, Texas 77503
locateutoday@aol.com
832-689-7311

State of Texas                §
                              §
                              §
County of Harris              §

BEFORE ME, on November 14th, 2023, appeared Timothy Aguilar, identified to me by Texas Identification, and states that the statements made within the amended complaint are true and correct, competent to testify to the matters and or statements within and the exhibits attached to the amended complaint are true and correct and based on personal knowledge and obtained from his I-phone cell phone 832-XXX-7311 and are copies of originals.


_____
NOTARY PUBLIC in and for
THE STATE OF TEXAS

WALENE ALVAREZ
ID# 130851235
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
OCTOBER 7, 2024

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing PLAINTIFF'S SECOND AMENDED COMPLAINT, was served on all parties of record in this case at the following email addresses on this _____ day of November 2023 and by US Mail to the following:

Michael Weems
Attorney at Law
1201 Louisiana St, 28th Fl
Houston, Texas 77002


_____     Fax Number –

_____ X     email for counsel of record: mlw@hwa.com

_____     Hand Delivery

_____     Certified Mail Return Receipt Request No. -

_____     U.S. Mail – First Class

_____     Electronic Delivery via e-File


_____
TIMOTHY AGUILAR

# Secretary of the Commonwealth of Massachusetts
William Francis Galvin

## Business Entity Summary

**ID Number: 001239602**        Request certificate        New search

**Summary for:  CLARITY DEBT SOLUTIONS, LLC**

| |
|---|
| **The exact name of the Domestic Limited Liability Company (LLC):**  CLARITY DEBT SOLUTIONS, LLC |
| **Entity type:**  Domestic Limited Liability Company (LLC) |
| **Identification Number:** 001239602 |
| **Date of Organization in Massachusetts:**     **Date of Revival:** 09-12-2016 |
| **Date of Involuntary Dissolution by Court     Last date certain:** **Order or by the SOC:**  06-30-2021 |
| **The location or address where the records are maintained** (A PO box is not a valid location or address): |
| Address:  99 BROADWAY SUITE 101 |
| City or town, State, Zip code,     SAUGUS,  MA  01906   USA Country: |
| **The name and address of the Resident Agent:** |
| Name:    DAVID LUGO |
| Address:  92 JACKSON ST UNIT 202 |
| City or town, State, Zip code,     SALEM,  MA   01970  USA Country: |

**The name and business address of each Manager:**

| Title | Individual name | Address |
|---|---|---|
| MANAGER | DAVID LUGO | 92 JACKSON STREET UNIT 202 SALEM, MA 01970 USA |

**In addition to the manager(s), the name and business address of the person(s) authorized to execute documents to be filed with the Corporations Division:**

| Title | Individual name | Address |
|---|---|---|
| SOC SIGNATORY | DAVID LUGO | 92 JACKSON STREET UNIT 202 SALEM, MA 01970 USA |

**The name and business address of the person(s) authorized to execute, acknowledge, deliver, and record any recordable instrument purporting to affect an interest in real property:**

| Title | Individual name | Address |
|---|---|---|

PLAINTIFF'S EXHIBIT

| REAL PROPERTY | DAVID LUGO | 92 JACKSON STREET UNIT 202 SALEM, MA 01970 USA |
| --- | --- | --- |

☐ **Consent**   ☐ **Confidential Data**   ☐ **Merger Allowed**   ☐ **Manufacturing**

**View filings for this business entity:**

ALL FILINGS
Annual Report
Annual Report - Professional
Articles of Entity Conversion
Certificate of Amendment
Certificate of Cancellation

[ View filings ]

**Comments or notes associated with this business entity:**

[ New search ]

Case 4:23-cv-03359    Document 13    Filed 11/17/23 in TXSD    Page 19 of 48

**From:** locateutoday@aim.com,

**To:** approvals@1stfranklinfunding2.com,

**Subject:** Re: Approval Pending - Priority Funding - New Options - Special Rates (Revised 04/20/22)

**Date:** Wed, Apr 20, 2022 1:23 pm

you people are annoying - quit sending me this BS how hard is this to understand - your texts also

Tim Aguilar
Collections Manager
Consumer Mortgage Co.
2600 North Gessner #246
Houston, Texas 77080
Office - 713-802-2222
cell - 832-722-7327


-----Original Message-----
From: 1st Franklin Funding - Approvals <approvals@1stfranklinfunding2.com>
To: locateutoday@aol.com <locateutoday@aol.com>
Sent: Wed, Apr 20, 2022 11:02 am
Subject: Approval Pending - Priority Funding - New Options - Special Rates (Revised 04/20/22)

Name: Timothy Aguilar
Amount: $9,854.00
Monthly Payment: $151.46
DOB: 8/7/1965
SSN: XXX-XX-XXXX
File: SL01A-8326897311-TX

We are contacting you regarding the recent loan application you submitted.
Your file has been escalated and referred to 1st Franklin Funding for special review.
Special considerations are being reviewed due to your unique personal situation.

Risk analysis issues are being reevaluated utilizing your good long-term payment history.
Risk predictions assume worst case scenarios based on statistical probability projections.
Risk reduction may require extending payment terms or reducing initial approval amount.

You should be receiving an update from 1st Franklin Underwriting within 24 hours.
Please contact your designated underwriter directly with any questions or concerns.
Thank you for your cooperation during this evolutionary and transitional process.

<ins>Risk-Sensitive Rates</ins>
$20,000 @ 4.99% ($212.03 Per Month)
$40,000 @ 5.99% ($443.88 Per Month)
$60,000 @ 6.99% ($696.34 Per Month)
(Alternate Amounts & Rates Available)
Benjamin Franklin Portrait
Reply by Email: "STOP UPDATES" to Stop Updates - Thank You!



# National Do Not Call Registry - Your Registration Is Confirmed

From:  verify@donotcall.gov

To:  locateutoday@aol.com

Date:  Wednesday, September 6, 2023 at 07:07 PM CDT

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 7311 on September 29, 2011. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

*****************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.



Re: Approval Summary: ($377 x 42 Months) Total Debt $17,931

From: Leshawn Snow (lsnow@lifebridgeservicing.com)

To: locateutoday@aol.com

Date: Monday, October 23, 2023 at 11:25 AM CDT

**From:** Leshawn Snow
**Sent:** Thursday, October 19, 2023 1:42 PM
**To:** locateutoday@aol.com <locateutoday@aol.com>
**Subject:** Approval Summary: ($377 x 42 Months) Total Debt $17,931

Hi Timothy

This is Leshawn with Franklin Funding. You have a pending approval; However, this loan will be pending for a few months while we take care of the issues holding you back listed below.

These accounts and remarks are negatively affecting your chances on getting a low interest loan. So, what we can do for you is help you get your utilization down with a loan to your creditors. The way we do it is different from anyone else. With these other companies , you may be in the program for 4 plus years as they gather your monthly payments to pay off your accounts one at a time, and the accounts may be repoting negatively for the next 7 plus years. How we are different is we will be working with your creditors and get them paid off in the next 4-6 months. The way we help you improve your score is by removing derogatory or negative remarks that are on your credit report, which are negatively impacting your score, while at the same time this process will be able to get you a loan at a lower interest rate usually 5%-10%. The accounts we can include are below. If you accept this approval your payment will be **$377 over 42 Months**, but funding should be available in the next couple of months.

**Equifax:** 620
- 38 - SERIOUS DELINQUENCY, AND DEROGATORY PUBLIC RECORD OR COLLECTION FILED
- 18 - NUMBER OF ACCOUNTS WITH DELINQUENCY
- 10 - PROPORTION OF BALANCES TO CREDIT LIMITS IS TOO HIGH ON BANK REVOLVING OR OTHER REVOLVING ACCOUNTS
- 13 - TIME SINCE DELINQUENCY IS TOO RECENT OR UNKNOWN

**NUM DEBTS ENROLLED** 5    **CURRENT** $17,931.00    **AVERAGE** $3,586.20

EQUIFAX  620

| Creditor | Collection | Whose Debt | Account # | Current Amount | Verified Amount | Last Payment Date | Settlement Date | Summons | Enrolled | # Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| **BEST EGG/SST** | | **Applicant** | 45038095 | **$12,780.00** | **$0.00** | 09/01/2023 | | **No** | 1 | 0 |
| Debt Type: Unsecured | | | | | | | | | | |
| **MSNLNTAB** | | **Applicant** | 4315037527005817 | **$2,383.00** | **$0.00** | 09/01/2023 | | **No** | 1 | 0 |
| Debt Type: CreditCard | | | | | | | | | | |
| **CC/FB&T** | | **Applicant** | 0075180638 | **$1,658.00** | **$0.00** | 09/01/2023 | | **No** | 1 | 0 |
| Debt Type: CreditCard | | | | | | | | | | |
| **MABT/CONTF** | | **Applicant** | 5166482800815226 | **$873.00** | **$0.00** | 08/01/2023 | | **No** | 1 | 0 |
| Debt Type: CreditCard | | | | | | | | | | |
| **ALLY CREDI** | | **Applicant** | 5379932101572226 | **$237.00** | **$0.00** | 09/01/2023 | | **No** | 1 | 0 |
| Debt Type: CreditCard | | | | | | | | | | |

**Approvals Department**
**Direct Line: 781-715-0578**
**Hours: 12:00 PM - 6:00 PM (EST) Mon-Fri**
**Email: approvals@1stfranklinfunding.com**



5:11

21



+1 (585) 391-1449

Text Message
Today 5:11 PM

Approval Update
(Timothy Aguilar)
Please Check Email
(Important/Junk/
Spam) & Call
Franklin Funding at

(Thank You)

The sender is not in your contact list.

Report Junk

Wednesday · May 3,
2023 · 5:11 PM


PLAINTIFF'S
EXHIBIT

23



1st Franklin Funding

(Timothy Aguilar)
Please Check Email
(Junk/Spam) & Call
Franklin Funding at

(Thank You!)
Reply stop to stop

Today 2:09 PM

Approval Update
(Timothy Aguilar)
Please Check Email
(Junk/Spam) & Call
Franklin Funding at

Thursday • May 4, 2023
• 2:10 PM

PLAINTIFF'S
EXHIBIT
E



‹ 31

## 1st Franklin Funding

(Timothy Aguilar)
Please Check Email
(Junk/Spam) & Call
Franklin Funding at
[illegible]
(Thank You)
Reply stop to stop

Today 12:44 PM

Approval Update
(Timothy Aguilar)
Please Check Email
(Junk/Spam) & Call
Franklin Funding at

Friday • May 5, 2023 •
1:12 PM

PLAINTIFF'S
EXHIBIT
F

12:58

14



833-861-0932 Fran...

Please Check Email
(Junk/Spam) & Call
Franklin Funding at

(Thank You)
Reply stop to stop

Today 12:57 PM

Approval Update
(Timothy Aguilar)
Please Check Email
(Important/Junk/
Spam) & Call
Franklin Funding at

Monday · May 8, 2023 ·
12:58 PM

PLAINTIFF'S
EXHIBIT

43



833-861-0932 Fran...

(Important/Junk)
Spam) & Call
Franklin Funding at

(Thank You)
Reply stop to stop

Today 2:47 PM

Approval Update
(Timothy Aguilar)
Please Check Email
(Important/Junk/
Spam) & Call
Franklin Funding at

Tuesday • May 9, 2023
∘ 2:48 PM

PLAINTIFF'S
EXHIBIT
H



3

**833-861-0932 Frankli...**

(Important/Junk/
Spam) & Call
Franklin Funding at
<del>833-861-0932</del>
(Thank You)
Reply stop to stop

Today 2:01 PM

Approval Update
(Timothy Aguilar)
Please Check Email
(Important/Junk/
Spam) & Call
Franklin Funding at
<del>833-861-0932</del>

Wednesday · May 10,
2023 · 2:01 PM



 

2

833-861-0932 Frankli...

(Important/Junk/
Spam) & Call
Franklin Funding at
888-903-0368
(Thank You)
Reply stop to stop

Today 1:42 PM

Approval Update
(Timothy Aguilar)
Please Check Email
(Important/Junk/
Spam) & Call
Franklin Funding at
888-903-0368

Thursday • May 11, 2023 • 1:44 PM

PLAINTIFF'S EXHIBIT
J

833-861-0932 Frankli... ⟩

(Important/Junk/
Spam) & Call
Franklin Funding at
888-903-0368
(Thank You)
Reply stop to stop

Today 2:50 PM

Approval Update
(Timothy Aguilar)
Please Check Email
(Important/Junk/
Spam) & Call
Franklin Funding at
888-903-0368

Friday • May 12, 2023 •  Adjust
2:50 PM

 IMG_8874

   

PLAINTIFF'S
EXHIBIT
K



2

833-861-0932 Fran... ›

888-903-0368
(Thank You)
Reply stop to stop

Today 11:03 AM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at
888-903-0368

Monday • May 15, 2023   Adjust
• 11:05 AM

IMG_9016

   

PLAINTIFF'S EXHIBIT



833-861-0932 Fran...

888-903-0368
(Thank You)
Reply stop to stop

Today 11:56 AM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at
888-903-0368
(Thank You)

Tuesday • May 16, 2023
• 11:57 AM



PLAINTIFF'S
EXHIBIT



833-861-0932 Fran...

Call Franklin
Funding at
888-903-0368
(Thank You)
Reply stop to stop

Today 12:16 PM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at

Wednesday · May 17,
2023 · 12:18 PM






PLAINTIFF'S EXHIBIT




833-861-0932 Fran...

888-903-0368

(Thank You)
Reply stop to stop

Today 2:40 PM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at
888-903-0368

Thursday • May 18,
2023 • 2:40 PM







 PLAINTIFF'S EXHIBIT



833-861-0932 Fra...

888-903-0368
(Thank You)
Reply stop to stop

Today 2:48 PM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at
888-903-0368

Friday • May 19, 2023 •
2:50 PM



PLAINTIFF'S
EXHIBIT
P

 

**833-861-0932 Fra...**

Call Franklin
Funding at
888-903-0368
(Thank You)
Reply stop to stop

Today 3:46 PM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at

Monday • May 22, 2023
• 3:46 PM

   


PLAINTIFF'S
EXHIBIT

 

833-861-0932 Fran...

Call Franklin
Funding at
888-903-0368
(Thank You)
Reply stop to stop

Today 2:13 PM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at

Tuesday · May 23,
2023 · 3:16 PM

   

PLAINTIFF'S
EXHIBIT

◀ Reminders 



‹ 9

833-861-0932 Fran...

Call Franklin Funding at 888-903-0368 (Thank You) Reply stop to stop

Today 4:43 PM

Approval Update (Timothy Aguilar) Please Check Email (Important/ Junk/Spam) & Call Franklin Funding at

Tuesday • May 23, 2023 • 4:43 PM

   

PLAINTIFF'S EXHIBIT S

◀ Phone

13



833-861-0932 Fra...

(Thank You)
Reply stop to stop

Today 12:16 PM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at
888-803-0322

Thursday · May 25,
2023 · 12:18 PM

PLAINTIFF'S
EXHIBIT




833-861-0932 Fra...

833-861-0932

(Thank You)
Reply stop to stop

Today 12:22 PM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at

Friday · May 26, 2023 ·
12:44 PM



PLAINTIFF'S
EXHIBIT

12:55

 15 

833-861-0932 Fra...

888-901-0368

(Thank You)
Reply stop to stop

Today 12:54 PM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at
888-901-0368

Tuesday · May 30,
2023 · 12:55 PM

PLAINTIFF'S
EXHIBIT
V



833-861-0932 Fra...

888-903-0368
(Thank You)
Reply stop to stop

Today 1:15 PM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at
888-903-0368

Wednesday · May 31,       Adjust
2023 · 1:21 PM
 IMG_9305

   

PLAINTIFF'S
EXHIBIT
3

 

833-861-0932 Fran...

888-901-0368
(Thank You)
Reply stop to stop

Today 1:34 PM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at
888-901-0368

Friday · Jun 2, 2023 ·
7:08 PM








PLAINTIFF'S
EXHIBIT




833-861-0932 Fran...

(Thank You)
Reply stop to stop

Today 1:34 PM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at
888-963-0306

Wednesday · Jun 7,
2023 · 1:37 PM




PLAINTIFF'S
EXHIBIT

 

‹ 9

833-861-0932 Fran...

888-903-0232

(Thank You)
Reply stop to stop

Today 3:08 PM

Approval Update
(Timothy Aguilar)
Please Check
Email (Important/
Junk/Spam) &
Call Franklin
Funding at
888-903-0232

Thursday · Jun 8, 2023
· 3:11 PM



PLAINTIFF'S
EXHIBIT
Z



PLAINTIFF'S EXHIBIT
Number 2.1

+1 (585) 391-1449
(Thank You)

Today 4:14 PM

Approval
Summary
(Timothy Aguilar)
Please Check
Email (Junk/
Spam)
($17,931.00)
($10,000.00) &
Call Franklin
Funding at
888-295-4022
(Thank You)

Wednesday · Oct 25,
2023 · 4:42 PM

PLAINTIFF'S EXHIBIT
Number 2.2

United States Courts
Southern District of Texas
FILED

NOV 17 2023

Nathan Ochsner, Clerk of Court

November 14, 2023

United States District Court
Clerk
PO Box 61010
Houston, Texas 77208

Re: Timothy Aguilar v. 1st Franklin Financial, Case 4:23-CV-03359, United States District Court
– Houston Division

Dear Clerk:

Please find enclosed for filing in the above referenced case the following:

   (a) Plaintiff's Second Amended Complaint
   (b) 1 Summons in a Civil Action to be returned back to Plaintiff.

Please set this 2nd Amended Complaint for the November 22, 2023 Motion Docket - new evidence recently discovered indicates that Defendants are conducting business under a different name. Please remove Plaintiff's 1st Amended Complaint and substitute this present 2nd Amended Complaint herein.

I have enclosed a self-addressed post-paid envelope for return of summons.

Thank you for your service in this matter.

Tim Aguilar
832-689-7311

Tim E. Aguilar
2807 RANDOLPH RD.
PASADENA, TX 77503

AFSM 6 N Hou  773
WED 15 NOV 2023 PM



United states District
Clerk
P.O. Box 61010
Houston, Tx  7724